```
 1  TODD BLANCHE
    Deputy Attorney General of the United States
 2  SIGAL CHATTAH
    First Assistant United States Attorney
 3  District of Nevada
    Nevada Bar No. 8264
 4  CLAY A. PLUMMER
    Nevada Bar No. 6778
 5  Special Assistant United States Attorney
    501 Las Vegas Boulevard South, Suite 1100
 6  Las Vegas, Nevada 89101
    Tel: (702) 388-6336
 7  clay.plummer@usdoj.gov
    Attorneys for the United States
 8
```

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:25-mj-00824-BNW |
| Plaintiff, | |
| v. | **Stipulation to Extend Deadlines to Conduct Preliminary Hearing and File Indictment (First Request)** |
| LUIS ALBERT HERNANDEZ-ESPINOZA, aka "Luis Alberto Hernandez-Espinoza," aka "Alberto Hernandez-Espinoza," aka "Luis Hernandez," | |
| Defendant. | |

IT IS HEREBY STIPULATED AND AGREED, by and between SIGAL CHATTAH, First Assistant United States Attorney, and Clay Plummer, Special Assistant United States Attorney, counsel for the United States of America, and _Katie Chadwick_, Assistant Federal Public Defender, counsel for LUIS ALBERT HERNANDEZ-ESPINOZA that the Court schedule the preliminary hearing in this case for no earlier than 90 days from the date of the Defendant's initial appearance. The preliminary hearing is currently set for __8__ of December 2025, at __4 P.M__. This request requires that the Court

extend two deadlines: (1) that a preliminary hearing be conducted within 14 days of a detained defendant's initial appearance, see Fed. R. Crim. P. 5.1(c); and (2) that an information or indictment be filed within 30 days of a defendant's arrest, see 18 U.S.C. § 3161(b).

This stipulation is entered into for the following reasons:

1. The United States Attorney's Office has developed an early disposition program for immigration cases, authorized by the Attorney General pursuant to the PROTECT ACT of 2003, Pub. L. 108-21.

2. The early disposition program for immigration cases is designed to: (1) reduce the number of hearings required in order to dispose of a criminal case; (2) avoid having more cases added to the court's trial calendar, while still discharging the government's duty to prosecute federal crimes; (3) reduce the amount of time between complaint and sentencing; and (4) avoid adding significant time to the grand jury calendar to seek indictments in immigration cases, which in turn reduces court costs.

3. The government has made a plea offer in this case that requires defendant to waive specific rights and hearings in exchange for "fast-track" downward departure under USSG § 5K3.1. This offer will be withdrawn if it is not timely accepted before this matter is indicted and before a preliminary hearing is held.

4. Under Federal Rule of Criminal Procedure 5.1(c), the Court "must hold the preliminary hearing within a reasonable time, but no later than 14 days after the initial appearance if the defendant is in custody . . . ."

5. However, under Rule 5.1(d), "[w]ith the defendant's consent and upon a showing of good cause—taking into account the public interest in the prompt disposition of

criminal cases—a magistrate judge may extend the time limits in Rule 5.1(c) one or more times . . . ."

6. Furthermore, under the Speedy Trial Act, 18 U.S.C. § 3161(b), "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."

7. Defendant needs additional time to review the discovery and investigate potential defenses to make an informed decision as to how to proceed, including whether to accept the fast-track plea agreement.

8. Accordingly, the parties jointly request that the Court schedule the preliminary hearing in this case no sooner than 90 days from the Defendant's initial appearance.

9. Defendant is in custody and agrees to the extension of the 14-day deadline imposed by Rule 5.1(c) and waives any right to remedies under Rule 5.1(c) or 18 U.S.C. § 3161(b), provided that the information or indictment is filed on or before the date ordered pursuant to this stipulation.

10. The parties agree to the extension of that deadline.

11. This extension supports the public interest in the prompt disposition of criminal cases by permitting defendant to consider entering into a plea agreement under the United States Attorney's Office's fast-track program for § 1326 defendants.

12. Accordingly, the additional time requested by this stipulation is allowed under Federal Rule of Criminal Procedure 5.1(d).

13. In addition, the parties stipulate and agree that the time between today and the scheduled preliminary hearing is excludable in computing the time within which the

defendant must be indicted and the trial herein must commence pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b) and (h)(7)(A), considering the factors under 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).

14. This is the first request for an extension of the deadlines by which to conduct the preliminary hearing and to file an indictment.

DATED this 24 day of November, 2025.

Respectfully submitted,

RENE VALLADARES  
Federal Public Defender

/s/ Kate

Assistant Federal Public Defender  
Counsel for Defendant  
LUIS ALBERT HERNANDEZ-ESPINOZA

SIGAL CHATTAH  
First Assistant United States Attorney

/s/ Clay Plummer  
CLAY A PLUMMER  
Assistant United States Attorneys

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS ALBERT HERNANDEZ-ESPINOZA,<br>  aka "Luis Alberto Hernandez-Espinoza,"<br>  aka "Alberto Hernandez-Espinoza,"<br>  aka "Luis Hernandez,"<br><br>Defendant. | Case No. 2:25-mj-00824-BNW<br><br>[Proposed] Order on Stipulation to Extend Deadlines to Conduct Preliminary Hearing and File Indictment |

Based on the stipulation of counsel, good cause appearing, and the best interest of justice being served; the time requested by this stipulation being excludable in computing the time within which the defendant must be indicted and the trial herein must commence pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b) and (h)(7)(A), and Federal Rule of Criminal Procedure 5.1, considering the factors under 18 U.S.C. § 3161(h)(7)(B)(i) and (iv):

IT IS THEREFORE ORDERED that the preliminary hearing currently scheduled on the **8th** day of December, 2025 at the hour of **4** p.m., be vacated and continued to March 9, 2026, at 4:00 p.m.

DATED 2nd day of December, 2025.

_____
HON. DANIEL J. ALBREGTS
U.S. MAGISTRATE JUDGE